IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE CONFEDERATED TRIBES OF THE WARM SPRINGS RESERVATION OF OREGON, a federally recognized Indian Tribe, | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 02-126L<br>Judge Susan Braden |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR A STAY OF LITIGATION,**
**OR, IN THE ALTERNATIVE, FOR DISMISSAL WITHOUT PREJUDICE**

## I. INTRODUCTION

Pursuant to RCFC 1, 16(c)(9), 41(a)(1) and RCFC Appendix H(3), the parties respectfully make this Joint Motion For A Stay Of The Litigation, or, in the Alternative, For Dismissal Without Prejudice pursuant to the parties' Stipulation of Dismissal Without Prejudice. As explained below, the parties have been and continue to be conducting settlement discussions in an ADR process relating to Plaintiff's Phase I claims in the case, with the active assistance of Judge Edward Leavy, Senior Judge of the Court of Appeals for the Ninth Circuit. (The Phase I claims are specified in the First Claim for Relief of the Second Amended Complaint.) The parties have employed trust accounting and historical research experts, and they have done a significant amount of work in support of their settlement discussions. They are making substantial and meaningful progress in their discussions, and they see a reasonably good prospect of resolving, at a minimum, Plaintiff's Phase I trust fund mismanagement claims in this case, as well as Plaintiff's claims for a historical trust fund accounting in the United States District Court

for the District of Columbia, *Confederated Tribes of the Warm Springs Reservation v. Norton*, No. 1:02cv02040 (D.D.C.) (RCL) ("*Norton*"). If the parties succeed in bringing their settlement discussions to fruition, the parties and the Court will not have to litigate a major portion of this case, or, at least, not in its current form and claim configuration. Accordingly, in deference to the goals of judicial economy and conservation of the parties' limited resources, the parties respectfully request that the Court vacate the current scheduling order and temporarily stay the litigation until the completion of the parties' ADR settlement process. During the temporary stay of litigation, the parties will file periodic status reports describing their progress in settlement discussions, if the Court deems such reports appropriate and desirable. In the alternative, the parties request that the Court dismiss the case without prejudice pursuant to the parties' Stipulation of Dismissal Without Prejudice, in the form attached hereto as Exhibit A.

## II. RELEVANT FACTUAL BACKGROUND

Since late November 2004, the parties have been engaged in a mediation process of Plaintiff's Phase I trust fund mismanagement claims in this case, as well as Plaintiff's trust fund accounting claims in the *Norton* District Court case. Judge Edward Leavy, Senior Judge of the Ninth Circuit Court of Appeals, has been serving as mediator. So far, the parties have participated in two multi-day mediation sessions in Portland, OR, with Judge Leavy, the first in December 2004 and the second in February 2005. The parties plan a third two-day session with Judge Leavy in Portland on April 21-22, 2005. Participating in the mediation sessions with Judge Leavy are undersigned counsel for the parties; other counsel from the Department of Justice and from the Office of the Solicitor for the Department of the Interior and Department of the Treasury; a representative of the Interior Department's Office of Historical Trust Accounting

(OHTA); accounting experts for the parties; members of Plaintiff's Tribal Council and Tribal Officers.

In order to advance the mediation sessions with Judge Leavy, the parties have been doing much work, exchanging relevant documents and data, conducting conference calls; and meeting with each other and among themselves. So far, the parties have met—without Judge Leavy—in Denver, CO, in December 2004, and in Salt Lake City, UT, in March 2005.

In mediation, the parties have focused their efforts on the joint development of a mutually acceptable accounting methodology by which to analyze and quantify Plaintiff's trust funds mismanagement claims. So far, the parties have made significant substantive progress in their mediation efforts. They expect to reach a final agreement shortly about the development, implementation, and funding of an accounting methodology, if not at the April 21-22 session with Judge Leavy, then shortly thereafter.

In the event that the parties reach agreement about the accounting methodology, they will be able to settle the *Norton* District Court case. Further, upon implementation of the methodology, the parties will obtain results that they expect will provide the basis for a mediated settlement of Plaintiff's trust fund mismanagement claims (Phase I) of this case. The parties are pleased with the progress that they have made so far, and they are optimistic that their efforts will lead to successful settlements in the District Court case and Phase I of this case.

If the parties are able to reach final agreement on the mutually acceptable accounting methodology at the April 21-22 mediation session with Judge Leavy, the parties and their accounting experts will formulate a schedule for the implementation of the methodology. At this

time, the parties estimate that the implementation will take approximately nine months.[1] Based on this estimate, the parties share the joint objective of completing the accounting-related work and addressing the Phase I claims through settlement, at the end of 2005 and beginning of 2006.

The parties provide below a more detailed description of the actions that they have taken jointly in furtherance of settlement discussions in this case.[2]

**A. Status Report and Enlargement Motion in Norton, No. 1:02cv02040**

On November 29, 2004, the parties filed a joint status report and motion for enlargement of time (copy attached hereto as Exhibit B) with the District Court in *Norton*. In that report, the parties informed the District Court that they had been in engaged in preliminary ADR discussions since April 2004; that they believe that ADR, rather than active litigation, is the best approach for resolving the Tribe's accounting claim; and that Judge Leavy had agreed to serve as the ADR mediator. The parties requested that the Court allow Defendants an additional 180 days to file its Answer to the Complaint in that case so that the parties could pursue the ADR process that they had already begun. The District Court granted the parties' motion on November 30, 2004.

**B. Mediation Session on December 1-2, 2004, With Judge Leavy**

On December 1 and 2, 2004, the parties conducted their first mediation session with Judge Leavy. Undersigned counsel, other government counsel, an OHTA representative, and

---

1/ The parties are prepared to submit a more refined estimate of the implementation schedule when it becomes available, if the Court deems it appropriate and useful.

2/ This description does not include the extensive work done by each party and its experts in preparation for, and in follow-up to, the mediation sessions with Judge Leavy and to the

members of the Tribal Council attended the session. At that session, the parties discussed ways in which Defendant could efficiently deliver—or fund the delivery of—certain focused accounting data and documentation to Plaintiff that would accomplish the twin goals of furnishing Plaintiff with useful information relevant to Plaintiff's claims in Phase I of this case, and satisfying Plaintiff's request in the District Court case for a "full and complete historical accounting" of Plaintiff's trust fund accounts. The parties decided that they would negotiate, agree upon, and jointly develop the scope and methodology for the accounting work that Defendant would perform (or fund the performance of) for Plaintiff, in lieu of Plaintiff's requested accounting. Further, the parties discussed and agreed on a process for the joint development by their expert consultants of the methodology in February 2005. Moreover, the parties discussed the accounting-related and other documentation that would be needed for the development and implementation of the methodology, including the location, electronic imaging, coding, and database storage of the documents for use by the parties and their experts. Judge Leavy expressed his approval of the parties' approach.

**C. <u>Meeting on December 16, 2004, Between the Parties</u>**

On December 16, 2004, the parties met in Denver, CO, without Judge Leavy. The meeting had several purposes: to agree upon a list of the essential ledger records; to identify the location of those records; and to develop an expedited schedule for the inspection of the documents by Plaintiff. The parties' accounting experts, as well as the Government's document archive expert, were among those who participated in the meeting. The parties agreed on an

---

meetings between the parties.

essential records list; attempted to locate the records on that list by using Defendant's document finding aids; and developed a record inspection schedule.

Between December 27, 2004, and early January 2005, the parties inspected the boxes that they believed contained the essential records at the American Indian Records Repository (AIRR) at the Federal Records Center (FRC) in Lenexa, KS, and at the Seattle FRC. While the inspection yielded many of the essential records, it did not produce all of them. Nonetheless, the process was valuable, in part because it demonstrated the good-faith commitment and sincerity with which the parties were approaching the settlement process.

**D. Mediation Session on February 15-16, 2005, with Judge Leavy**

On February 15 and 16, 2005, the parties conducted a mediation session with Judge Leavy. At this session, Plaintiff presented and explained a written proposal describing alternative accounting methodologies for consideration. Plaintiff arranged its proposed accounting methodologies in accordance with the claim areas in this case: (1) productivity claims; (2) lag time claims; and (3) disbursement claims. Further, Plaintiff organized the proposed methodologies by time era and fund type. Also, Plaintiff identified the documents that it believed would be required to implement the methodologies. The parties spent the balance of the mediation session discussing Plaintiff's methodologies. The parties' accounting experts were significantly involved in the discussion. At the end of the session, Defendant committed to propose revisions to Plaintiff's accounting methodologies by a date certain. Judge Leavy expressed his approval of the parties' approach and progress.

**E. Meeting on March 10-11, 2005, Between the Parties**

The parties and their experts met on March 10 and 11, 2005, in Salt Lake City, UT, without Judge Leavy. At this meeting, Defendant presented and explained its written response to Plaintiff's proposed accounting methodologies. Additionally, Defendant presented and explained the work that it and its experts had done to develop the electronic databases for use when implementing an agreed-upon accounting methodology.

At this meeting, the parties discussed whether, as part of the cooperative settlement process, Defendant would be willing to provide funding to Plaintiff to defray some of the costs of Plaintiff's accounting experts. One week after the meeting, Defendant informed Plaintiff that it has available up to $250,000 in Fiscal Year 2005 to fund Plaintiff's accounting expert work relating to the development and implementation of the to be agreed-upon accounting methodologies. Defendant is prepared to promptly process an application from Plaintiff to obtain such financial assistance through a cooperative agreement. The funding is available to pay for work performed by the Tribe's accounting experts as part of the cooperative ADR process, but cannot be used to pay Plaintiff's litigation expenses.

**F. Mediation Session on April 21-22, 2005, With Judge Leavy**

At the next mediation session in Portland, OR, with Judge Leavy, the parties plan to finalize the accounting methodology that they agree will be used, not only to analyze and quantify Plaintiff's trust fund mismanagement claims in Phase I of this case but also to dispose of Plaintiff's request in the District Court case for a "full and complete historical accounting" of Plaintiff's trust fund accounts. Also, the parties plan to finalize a cooperative agreement on federal financial assistance to Plaintiff for its accounting expert work in FY 2005 and on

Defendant's commitment to perform the lion's share of the work in implementing the agreed-upon accounting methodology. Further, the parties plan to formulate a target timetable for completing the implementation of the agreed-upon accounting methodology and for mediating to completion later in 2005 the resolution of Plaintiff's Phase I claims.

## III. ARGUMENT

Given the foregoing description of the good faith, industriousness, and diligence of the parties, the progress that they have made in their alternative dispute resolution (ADR) process with Judge Leavy and with each other, and the reasonably good prospect that the parties will be able to resolve Plaintiff's trust fund mismanagement claims in Phase I of this case, as well as Plaintiff's case for a historical accounting in the District Court, in the near future, this Court should vacate the current scheduling order and enter an Order indefinitely staying the litigation of the case. In the alternative, the Court should file the parties' Stipulation of Dismissal Without Prejudice, in the form attached hereto as Exhibit A, and enter an Order of Dismissal Without Prejudice. Either alternative will allow the parties to continue with the ADR process that is under way and will also serve the interests of judicial efficiency and conservation of limited judicial resources.

As detailed above, the parties have demonstrated a good-faith commitment to the ADR process they have undertaken. Working cooperatively, both parties have invested much time, energy, and effort in the past year, especially during the past several months; and achieved notable results and progress towards settlement of issues and claims the *Norton* District Court case and in Phase I of this case. Nonetheless, the parties have more work to accomplish, and they need more time in which to do so, i.e., more time than the Court's current scheduling order

will permit. With this joint motion, the parties propose to build upon their efforts and results in the settlement process so far, and to bring that process to its conclusion. The parties believe that such an outcome would be in their mutual best interests.

On December 13, 2004, this Court issued a memorandum opinion and order rejecting the parties' jointly proposed revised scheduling order. The parties had devised the joint proposal to accommodate the ADR process on which they were embarking. It appears from the Court's ruling that the Court wanted to have the res judicata and statute of limitations issues that had been posed by Defendant in the case addressed before referring the case to ADR. Since this Court's ruling, the parties have addressed Defendant's res judicata issues through a confidential exchange of briefs and discussions with Judge Leavy during their mediation sessions. Based on their briefing and discussions, the parties have taken and will continue to take into account any potential impact of the res judicata issues in their joint development and implementation of the proposed agreed-upon accounting methodologies. In the parties' view, the successful completion of the ADR process and execution of the agreed-upon methodologies will likely obviate the need to litigate the res judicata issues.

Good cause exists for this Court to vacate the current scheduling order and grant the parties' joint motion for temporary stay of litigation. The Federal Circuit has identified two steps to be taken when deciding whether to stay a case: (1) the Court must identify a pressing need for a stay, and (2) the Court must then balance interests favoring a stay against interests frustrated by the action; and must also consider the interests of the federal court system (especially where there are cases pending in two courts) and judicial economy. Cherokee Nation of Oklahoma v.

United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997) and New York Power Authority v. United States, 42 Fed. Cl. 795 (Ct.Fed.Cl. 1999).

The parties strongly believe that their cooperative mediation process with Judge Leavy offers the best opportunity at this time for a fair and cost-effective resolution of the Phase I claims in this case[3] and the historical trust fund accounting claim in District Court case. For this reason, the parties believe that continuing the mediation process to completion is in their best interests and constitutes the requisite pressing need for a stay. The parties, their counsel and experts have worked—and will continue to work—industriously and diligently to bring the process to fruition. Given the progress that they have made and the reasonably good prospect that they see of a successful outcome to their settlement process, the parties seek to avoid the time- and resource-draining work that they would have to undertake, on a track that is separate but parallel to their ADR efforts, in order to litigate the case and prepare for trial under the current scheduling order.

Continuation of active litigation of this case will not, at present, expedite disposition of this action, limit wasteful pretrial activities, facilitate more thorough preparation, or facilitate settlement of the case. The parties' ADR process is structured to investigate and organize the facts and legal issues constituting Plaintiff's Phase I claims and Defendant's defenses. Hence, progress in the ADR and accounting process serves the Court's interest in the just, speedy and

---

3/ Even assuming arguendo that the accounting methodology currently under joint development and proposed for joint implementation does not result in a complete settlement of the Phase I claims in this case, the methodology will advance greatly the ultimate disposition of those claims because the analysis and quantification yielded by the implementation of the methodology will narrow and focus the claims for litigation or trial (if such were required).

inexpensive determination of every action, and will result in a substantially better prepared set of legal issues and evidence, no matter the outcome.

In the event that the settlement process should fail, the parties propose that they file a plan for the litigation of the case, including a scheduling order, within 30 days of such failure, and seek a status conference with the Court.[4]

In the event that the Court does not agree with the parties' preference for a temporary stay of litigation, the parties request the filing of the Stipulation of Dismissal Without Prejudice, in the form attached hereto as Exhibit A, and pursuant thereto the entry of an Order of Dismissal Without Prejudice. The parties have discussed and prepared for such a possible alternative outcome. The parties have negotiated and entered into a Tolling Agreement regarding Plaintiff's claims in this case that will take effect in the event that the alternative of dismissal without prejudice occurs. If there is a dismissal without prejudice, the Tolling Agreement will take effect and the parties will continue the ADR process with the active assistance of Judge Leavy, and with the efforts to resolve the Phase I claims and the trust fund accounting claims in the District Court Case. Then, at a future date, after the completion of the settlement process, the parties shall make a determination about how to proceed with any remaining unresolved claims. Assuming that the settlement process disposes of all Phase I claims, the options for Plaintiff at that juncture will include re-filing the Phase II (i.e., trust asset mismanagement) claims.

---

4/ Among other things, the plan would provide a deadline for Defendant to submit its dispositive motion on res judicata issues based on the *Cheyenne-Arapaho* , if such issues apply to the Phase I claims, if any, that remain.

## IV. CONCLUSION

For the foregoing reasons, the parties respectfully request this Court vacate the current scheduling order and issue an Order for an indefinite stay of case. In the alternative, the parties request that the Court file the Stipulation of Dismissal Without Prejudice, to be signed by the parties in the form attached hereto as Exhibit A, and that thereafter the Court enter an Order of Dismissal Without Prejudice.

Respectfully submitted this 18th day of April, 2005,

MICHAEL L. DILLARD
mld@karnopp.com
Karnopp Petersen LLP
1201 N.W. Wall Street, Suite 300

Bend, Oregon 97701-1957
Tel: (541) 382-3011
Fax: (541) 383-3073

Attorney of Record for Plaintiff

JOHN H. MARTIN
john.h.martin@usdoj.gov
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0238
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

LAWRENCE JENSEN
CATHERINE GOSHE
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20240

CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing JOINT MOTION FOR TEMPORARY STAY OF LITIGATION OR, IN THE ALTERNATIVE, FOR DISMISSAL WITHOUT PREJUDICE, on this 18th day of April, 2005, by ECF or by overnight mail; first-class United States mail; postage pre-paid; electronic mail, and telefax transmission, on the following counsel of record (unless otherwise noted below):

Michael L. Dillard
mld@karnopp.com
KARNOPP PETERSEN LLP
1201 N.W. Wall Street, Suite 300
Bend, Oregon 97701-1957
Tel: (541) 382-3011
Fax: (541) 383-3073

Attorney of Record for Plaintiff

John H. Martin
john.h.martin@usdoj.gov
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P. O. Box 663
Washington, D.C. 20044-0663
Fax: (202) 353-2021

Attorney of Record for Defendant

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE CONFEDERATED TRIBES OF THE WARM SPRINGS RESERVATION OF OREGON, a federally recognized Indian tribe,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 02-126L<br>Judge Susan Braden |

STIPULATION OF DISMISSAL WITHOUT PREJUDICE

Pursuant to R.C.F.C. 41(a)(1)(ii), the parties in this action, Plaintiff the Confederated Tribes Of The Warm Springs Reservation Of Oregon and Defendant the United States, hereby Stipulate that this action be dismissed without prejudice and that each party shall bear its own costs of the action incurred to date.

DATED this 18TH day of APRIL, 2005.

Respectfully Submitted,

Michael L. Dillard, Attorney of Record for Plaintiff
KARNOPP PETERSEN LLP
1201 N.W. Wall Street, Suite 300
Bend, Oregon 97701-1957
TEL: (541) 382-3011
FAX: (541) 383-3073
mld@karnopp.com

John H. Martin, Attorney of Record for Defendant
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
Washington D.C. 20044-0663
TEL: (202) 305-0238
FAX: (541) 305-0274
John.H.Martin@usdoj.gov



EXHIBIT A
PAGE 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THE CONFEDERATED TRIBES OF THE WARM SPRINGS RESERVATION OF OREGON,

Plaintiff,

v.

GALE NORTON, SECRETARY OF THE INTERIOR, DAVID W. ANDERSON, ASSISTANT SECRETARY OF INDIAN AFFAIRS, JOHN W. SNOW, SECRETARY OF THE TREASURY,

Defendants.

Case No. 02CV2040 (RCL)

JOINT STATUS REPORT AND UNOPPOSED MOTION FOR ENLARGEMENT OF TIME

The parties submit this Joint Status Report and Unopposed Motion for Enlargement of Time.

I. JOINT STATUS REPORT

For the past seven months the parties have been actively engaged in preliminary ADR discussions aimed at achieving a settlement of the claims in this case. In April 2004, the parties held a one day ADR meeting in Portland, Oregon. This initial ADR meeting was exploratory in nature but there was extensive discussion regarding the accounting claim and possible approaches to settlement of that claim. At the April meeting and thereafter the parties exchanged written historical accounting proposals. In early August 2004, the parties held a second ADR meeting, this time in Washington D.C. The second meeting was again attended by officials and staff of the Office of Historical Trust Accounting and by counsel and professional consultants for both sides. Some new settlement ideas were put on the table and discussed. At this second meeting both sides agreed that an ADR process, rather than active litigation, is the best approach

EXHIBIT B
PAGE 1

to resolving this accounting claim. In going forward with ADR the parties also decided to seek the assistance of a mediator or ADR professional.

After the August meeting counsel discussed possible mediator candidates. One candidate that both sides agreed would be excellent, if available and willing to serve, was Judge Edward Leavy, a Senior Judge of the Ninth Circuit Court of Appeals. Both the United States and the Warm Springs Tribe have prior experience working with Judge Leavy as a settlement judge. During 2003-2004 the Warm Springs Tribe and the U.S. Government worked with Judge Leavy as the settlement judge in four cases, two in the Court of Federal Claims and two in the United States District Court for Oregon. With Judge Leavy's assistance, settlement was achieved in all four cases, although final Government approvals have not yet been obtained for one of the cases.

Counsel contacted Judge Leavy and asked if he would be willing to serve as the ADR judge in this case. Counsel explained to Judge Leavy that the ADR process would very possibly entail multiple negotiation sessions extending into the second half of 2005. Judge Leavy told counsel that he would be pleased to serve as the ADR judge.

Judge Leavy has extensive experience as a trial court judge and on the Ninth Circuit Court of Appeals. Judge Leavy retired from active status in 1997, but has remained very active as a senior judge. In recent years Judge Leavy has been particularly active as a settlement judge and mediator. He has become widely regarded as one of the best settlement judges in the northwestern United States. The parties feel very fortunate that Judge Leavy has agreed to serve as the ADR judge in this case.

An initial ADR/Settlement Meeting has been scheduled with Judge Leavy for December 1-2, 2004, in Portland, Oregon, to be attended by counsel, staff of the Office of Historical Trust Accounting and professional consultants.

There is currently another case pending between the Warm Spring Tribe and the United States. It is a case in the United States Court of Federal Claims ("CFC") in which the Tribe is seeking damages for alleged mismanagement of trust funds and other trust assets. The CFC case is pending before the Honorable Susan G. Braden. Recently the parties requested that Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THE CONFEDERATED TRIBES OF THE WARM SPRINGS RESERVATION OF OREGON,

Plaintiff,

v.

GALE NORTON, SECRETARY OF THE INTERIOR, DAVID W. ANDERSON, ASSISTANT SECRETARY OF INDIAN AFFAIRS, JOHN W. SNOW, SECRETARY OF THE TREASURY,

Defendants.

Case No. 02CV2040 (RCL)

JOINT STATUS REPORT AND UNOPPOSED MOTION FOR ENLARGEMENT OF TIME

The parties submit this Joint Status Report and Unopposed Motion for Enlargement of Time.

I. JOINT STATUS REPORT

For the past seven months the parties have been actively engaged in preliminary ADR discussions aimed at achieving a settlement of the claims in this case. In April 2004, the parties held a one day ADR meeting in Portland, Oregon. This initial ADR meeting was exploratory in nature but there was extensive discussion regarding the accounting claim and possible approaches to settlement of that claim. At the April meeting and thereafter the parties exchanged written historical accounting proposals. In early August 2004, the parties held a second ADR meeting, this time in Washington D.C. The second meeting was again attended by officials and staff of the Office of Historical Trust Accounting and by counsel and professional consultants for both sides. Some new settlement ideas were put on the table and discussed. At this second meeting both sides agreed that an ADR process, rather than active litigation, is the best approach

EXHIBIT B
PAGE 3

to resolving this accounting claim. In going forward with ADR the parties also decided to seek the assistance of a mediator or ADR professional.

After the August meeting counsel discussed possible mediator candidates. One candidate that both sides agreed would be excellent, if available and willing to serve, was Judge Edward Leavy, a Senior Judge of the Ninth Circuit Court of Appeals. Both the United States and the Warm Springs Tribe have prior experience working with Judge Leavy as a settlement judge. During 2003-2004 the Warm Springs Tribe and the U.S. Government worked with Judge Leavy as the settlement judge in four cases, two in the Court of Federal Claims and two in the United States District Court for Oregon. With Judge Leavy's assistance, settlement was achieved in all four cases, although final Government approvals have not yet been obtained for one of the cases.

Counsel contacted Judge Leavy and asked if he would be willing to serve as the ADR judge in this case. Counsel explained to Judge Leavy that the ADR process would very possibly entail multiple negotiation sessions extending into the second half of 2005. Judge Leavy told counsel that he would be pleased to serve as the ADR judge.

Judge Leavy has extensive experience as a trial court judge and on the Ninth Circuit Court of Appeals. Judge Leavy retired from active status in 1997, but has remained very active as a senior judge. In recent years Judge Leavy has been particularly active as a settlement judge and mediator. He has become widely regarded as one of the best settlement judges in the northwestern United States. The parties feel very fortunate that Judge Leavy has agreed to serve as the ADR judge in this case.

An initial ADR/Settlement Meeting has been scheduled with Judge Leavy for December 1-2, 2004, in Portland, Oregon, to be attended by counsel, staff of the Office of Historical Trust Accounting and professional consultants.

There is currently another case pending between the Warm Spring Tribe and the United States. It is a case in the United States Court of Federal Claims ("CFC") in which the Tribe is seeking damages for alleged mismanagement of trust funds and other trust assets. The CFC case is pending before the Honorable Susan G. Braden. Recently the parties requested that Judge

Braden refer the case in the CFC to that court's ADR program and proposed Judge Leavy as the ADR judge. Judge Leavy has similarly told counsel that he would be willing to serve as the ADR judge for the CFC case. After considering the parties' request, Judge Braden declined to refer the CFC case to ADR.

Counsel for plaintiff Warm Springs Tribe has authorized the Attorney of Record for the government to represent to the Court that the plaintiff fully joins in this Joint Status Report.

II. UNOPPOSED MOTION FOR ENLARGEMENT OF TIME

Pursuant to Fed. R. Civ. P. 6(b) the defendants hereby move for an enlargement of one hundred and eighty (180) days, to and including June 13, 2005, for the defendants to answer or otherwise respond to the Complaint. The motion is made primarily on the ground that it will provide time for the parties to pursue the ADR process described above. The granting of the enlargement motion will not unduly prejudice the rights or interests of any parties in this litigation. Rather, the enlargement of time, if granted by the Court, will enable the parties to further pursue in ADR the settlement of this case.

Respectfully submitted this 29th day of November, 2004.

THOMAS L. SANSONETTI
Assistant Attorney General

/s/ John H. Martin
John H. Martin, NV Bar # 6048
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resource Section
Address for U.S. Postal Service delivery:
P.O. Box 663
Washington, D.C. 20044-0663
Street Address (for courier delivery):
601 D. St. NW, 3rd Fl.
Washington DC 20004
(202) 305-0238 (tel.)
(202) 305-0274 (fax)
john.h.martin@usdoj.gov

Attorney for Defendants

EXHIBIT B
PAGE 5

Karnopp Petersen LLP

/s/ Michael L. Dillard
Michael L. Dillard
Karnopp, Petersen LLP
1201 NW Wall Street, Suite 300
Bend, OR 97701-1957 (tel.)
(541) 382-3011 (fax)
(541) 388-5410
mld@karnopp.com

Attorney for Plaintiff

EXHIBIT B
PAGE 6