**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| THE CONFEDERATED TRIBES OF THE WARM SPRINGS RESERVATION OF OREGON, a federally recognized Indian tribe,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 02-126L<br>Judge Susan Braden |

**EXHIBITS TO SUPPLEMENTAL BRIEF IN SUPPORT OF THE JOINT MOTION FOR A STAY OF LITIGATION, OR, IN THE ALTERNATIVE, FOR DISMISSAL WITHOUT PREJUDICE**

Attached hereto as Exhibit A is the [Joint Proposed] Order Granting Motion for a Stay of Litigation. Attached hereto as Exhibit B is the [Joint Proposed] Revised Scheduling Order. These are the proposed orders which are referred to in the parties' Supplemental Brief in Support of the Joint Motion for a Stay of Litigation, or, in the Alternative, for Dismissal Without Prejudice, filed this date. By oversight these proposed orders were not attached as exhibits to the Supplemental Brief.

Respectfully submitted this 17th day of May 2005.

MICHAEL L. DILLARD
mld@karnopp.com
Karnopp Petersen LLP
1201 N.W. Wall Street, Suite 300
Bend, Oregon 97701-1957
Phone: (541) 382-3011
Fax: (541) 383-3073
Attorney of Record for Plaintiff

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| THE CONFEDERATED TRIBES OF THE WARM SPRINGS RESERVATION OF OREGON, a federally recognized Indian tribe,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 02-126L<br>Judge Susan Braden |

**[Joint Proposed] Order Granting Motion for a Stay of Litigation**

On April 18, 2005, the parties filed a Joint Motion for a Stay of Litigation, or, in the Alternative, for Dismissal Without Prejudice ("Motion for Stay"). In the Motion for Stay the parties jointly asked the Court to vacate the current scheduling order and stay the litigation until completion of the ADR settlement process that the parties are engaged in with mediator Edward J. Leavy, Senior Judge of the Ninth Circuit Court of Appeals.

On May 4, 2005, the parties appeared before the Court for a Status Conference at which time the Court and counsel discussed the Motion for Stay. At the Status Conference counsel advised the Court that the parties believe that a stay of litigation until the end of 2005 or early 2006 would provide sufficient time for completion of the ADR settlement process. At the Status Conference the Court advised counsel that the Court would require, as a condition to granting the Motion for Stay, that a Phase I trial date and scheduling order be in place for 2006, to govern the Phase I pre-trial and trial proceedings in 2006, in the event that the ADR settlement process during the stay period does not result in settlement of all Phase I claims. The Court invited counsel to submit a proposed post-stay Phase I scheduling order, incorporating the currently scheduled October 30, 2006, trial date.

On May ___, 2005, the parties submitted a [Joint Proposed] Revised Scheduling Order to the Court, containing proposed pre-trial scheduling dates starting February 6, 2006, and concluding with a October 30 through November 10, 2006, trial. The Court hereby approves the parties' [Joint Proposed] Revised Scheduling Order and will separately issue a Revised Scheduling Order incorporating the parties' proposed pre-trial and trial dates.

Further, the Court grants the Motion for Stay and orders that Phase I is stayed until February 6, 2006, to provide the parties with time to complete the Phase I ADR settlement process. If at any time during this stay period the parties, or either of them,



EXHIBIT A
PAGE 1

conclude that the ADR settlement process has no reasonable prospect of achieving at least partial settlement of the Phase I claims, the parties, or either of them, shall move for an early termination of the stay and resumption of the Phase I litigation.

**IT IS SO ORDERED**

________________________

**SUSAN G. BRADEN**
Judge

DATED this ________ day of ____________________, 2005.



EXHIBIT A
PAGE 2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

THE CONFEDERATED TRIBES OF THE WARM SPRINGS RESERVATION OF OREGON, a federally recognized Indian tribe,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

No. 02-126L
Judge Susan Braden

**[Joint Proposed] Revised Scheduling Order**

The Court enters the following Revised Scheduling Order in the case. This order supersedes the Scheduling Order filed August 3, 2004.

1. The Government will file its answer or, in the alternative, a motion to dismiss **on or before February 6, 2006**.

2. If a motion to dismiss is filed, plaintiff will respond **on or before March 3, 2006**. The Government will file its reply to plaintiff's response **on or before March 17, 2006**.

The Court has previously bifurcated this case into two phases: Phase I dealing with the Trust Funds Mismanagement Claim (First Claim for Relief), and Phase II dealing with the Non-Monetary Trust Asset Mismanagement Claim (Second Claim for Relief). The Court has stayed Phase II until the completion of Phase I. The following scheduling order is entered for Phase I:

1. Initial Memorandum of Contentions of Fact and Law.

**On or before February 17, 2006**, plaintiff will provide to defendant a written memorandum setting forth a list of the specific actions or conduct of defendant that plaintiff intends to rely upon at trial to prove the Phase One claims. For each specific action or conduct included on the list, plaintiff's memorandum will contain the following:

(a) A concise factual description of specific actions or conduct;

(b) The dates or time periods when the action or conduct occurred;

(c) A description of the nature of the damage suffered;



EXHIBIT B
PAGE 1

(d) A computation of the damages suffered;

(e) A description of any calculations, estimates or methodology used to calculate the damages;

(f) An identification of the books of account or other records or documents the plaintiff has relied upon, or intends to rely upon, to prove the actions or conduct and to support the damages calculation; and

(g) An identification of the witness that plaintiff intends to rely upon at trial to prove the actions or conduct and to support the damages calculation.

**On or before July 6, 2006**, defendant will serve upon plaintiff a written memorandum setting forth its responses to plaintiff's memorandum. For each specific action or conduct included on plaintiff's memorandum, defendant's responsive memorandum will provide the following:

(a) A statement indicating agreement or disagreement with the plaintiff's description of the specific action or conduct, and if defendant disagrees, why it disagrees;

(b) A statement indicating agreement or disagreement with the dates or time periods for the actions or conduct specified by plaintiff, and if defendant disagrees, why it disagrees;

(c) A statement indicating agreement or disagreement with plaintiff's description of the nature of the damage suffered, and if defendant disagrees, why it disagrees;

(d) A statement indicating agreement or disagreement with plaintiff's computation of damages suffered, and if defendant disagrees, why it disagrees;

(e) A description of any calculations, estimates or methodology used to assess or respond to plaintiff's calculation of damages or to make its own calculation of damages;

(f) An identification of the books of account or other records or documents the defendant has relied upon, or intends to rely upon, or intends to rely upon, to defend against plaintiff's list of actions or conduct contained in plaintiff's memorandum or to make its own calculation of damages;

(g) An identification of the witnesses that defendant intends to rely upon at trial to respond to or defend against plaintiff's list of actions or conduct and to make its own calculation of damages

2. Fact Discovery.

Except as provided in paragraph 4 below, all fact discovery, including all depositions, shall conclude **on or before August 11, 2006**. In order to achieve this deadline, the



EXHIBIT B
PAGE 2

parties will make witnesses available at reasonably convenient locations and times. The parties are reminded that the rules of the court contemplate the use of depositions at trial for testimonial purposes in certain circumstances "as through the witnesses were then present and testifying [.]" *See* RCFC 32(a)

(a) Document Production. Defendant's document production will be completed **on or before December 31, 2005**. Defendant will serve its request for document production to plaintiff **on or before February 22, 2006**. Plaintiff's production of documents to defendant will be completed by **March 24, 2006**.

(b) Depositions. Defendant's depositions of all witnesses, other than plaintiff's expert witnesses, will be completed on or before **August 11, 2006**. Plaintiff's depositions of all witnesses, other than defendant's expert witnesses, will be completed on or before **August 11, 2006**.

(c) Motion to Compel. All motions to compel discovery, other than expert witness discovery, will be filed **on or before August 15, 2006**.

3. Expert discovery.

All expert discovery, including the exchange of expert reports and the completion of expert depositions, will be completed **on or before August 11, 2006**.

(a) Disclosure of Expert Witnesses. Plaintiff will disclose its expert witnesses' identities and reports pursuant to RCFC 26(a)(2) **on or before February 17, 2006**. Defendant will disclose its expert witnesses' identities and reports pursuant to RCFC 26(a)(2) **on or before July 6, 2006**.

(b) Expert Depositions. Defendant's depositions of plaintiff's expert witnesses will be completed **on or before July 6, 2006**. Plaintiff's depositions of defendant's expert witnesses will be complete **on or before August 11, 2006**.

4. Post-Discovery Conference. A post-discovery conference will be conducted **on August 18, 2006**, to address the matters specified in RCFC Appendix A ¶ 11.

5. Dispositive Motions. Dispositive motions, if any, will be filed on **or before August 18, 2006**.

6. Meeting of Counsel. The parties will meet to satisfy the requirements of RCFC Appendix A ¶ 13, including the exchange of exhibit and witness lists, **on or before August 23, 2006**.

7. Final Memorandum of Contentions of Fact and Law. In accordance with RCFC Appendix A ¶ 14, plaintiff will file its Memorandum of Contentions of Law and Fact ("Memorandum") **on or before August 25, 2006**. Defendant will file its responsive Memorandum **on or before September 22, 2006**. Each Memorandum will be

accompanied by witness lists, exhibit lists and any motions contemplated by Appendix A ¶¶ 14-16. Any objection to a witness or exhibit not made in the Memorandum or a separate motion filed on the same date will, if the objection is of a type that could reasonably have been identified at the time of such filing, be deemed waived absent a showing of a compelling reason for failure. Defendant will file its responses to any motions filed by plaintiff with its Memorandum **on or before September 22, 2006**. Plaintiff will file its responses to any motions filed by defendant on or before **September 28, 2006**.

8. Pretrial Conference. The pretrial conference will be held **on September 28, 2006** at 10:00 a.m. at the National Courts Building, 717 Madison Place N.W., Washington, D.C. 20005. The parties will bring to the pretrial conference at least three copies of any exhibit as to which an objection remains outstanding. The parties will prepare and deliver at the pretrial conference a joint preliminary trial schedule or, if they cannot agree, separate trial schedules.

9. Trial. Trial will be held on **October 30, 2006 through November 10, 2006**. Trial will begin at 10:00 a.m. on each day at a location to be determined

**IT IS SO ORDERED**

____________________
**SUSAN G. BRADEN**
Judge

DATED this ________ day of __________________, 2005.



B
4

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **EXHIBITS TO SUPPLEMENTAL BRIEF IN SUPPORT OF THE JOINT MOTION FOR A STAY OF LITIGATION, OR, IN THE ALTERNATIVE, FOR DISMISSAL WITHOUT PREJUDICE** on:

John H. Martin
Department of Justice
Environment and Natural Resources Division
General Litigation Section
P. O. Box 663
Washington, D.C. 20044-0663
Fax: (202) 305-0506
Attorney For Defendant

by causing a full, true, and correct copy thereof to be sent by the following indicated method or methods, on the date set forth below:

☐ by mailing in a sealed, first-class postage-prepaid envelope, addressed to the last-known office address of the attorney, and deposited with the United States Postal Service at Bend, Oregon.

☐ by hand delivery.

☐ by sending via overnight courier in a sealed envelope.

☐ by faxing to the attorney at the fax number that is the last-known fax number for the attorney's office.

☒ by electronic service

DATED this 17th day of May 2005.

Michael L. Dillard, Attorney of Record
KARNOPP PETERSEN LLP
1201 N.W. Wall Street, Suite 300
Bend, Oregon 97701-1957
TEL: (541) 382-3011
FAX: (541) 383-3073
mld@karnopp.com
Of Attorneys for Plaintiff