# In the United States Court of Federal Claims

No. 02-126L
Filed June 16, 2005

***********************************
CONFEDERATED TRIBES OF THE WARM SPRINGS RESERVATION OF OREGON,

Plaintiff,

v.

THE UNITED STATES,

Defendant,
***********************************

**ORDER GRANTING MOTION FOR A STAY AND AMENDED SCHEDULING ORDER**

Pursuant to the May 4, 2005 status conference and the parties' Supplemental Brief In Support, filed on May 17, 2005, the parties' Joint Motion for a Stay of Litigation, Or, In the Alternative, For Dismissal Without Prejudice, filed on April 18, 2005, is **GRANTED**. Accordingly, this matter is stayed until February 6, 2006 to provide the parties with time to complete the Phase I ADR settlement process. As agreed to by the parties, prior to the close of the stay period and as a part of the ADR process, plaintiff will provide defendant with a final statement of claims to be resolved in ADR, or at trial, including an explanation of the damages claimed, legal authorities supporting recovery, and the time frames for which recovery is sought. Defendant will provide plaintiff with a responsive statement addressing each of the claims.

The parties will file a joint status report with the court on the status of the ADR proceedings **on or before August 24, 2005** and each 60 days thereafter until expiration of the stay. Further, if at any time during this stay period either party concludes that the ADR settlement process has no reasonable prospect of achieving at least partial settlement of the Phase I claims, that party will move for an early termination of the stay and resumption of the Phase I litigation.

Further, pursuant to the May 4, 2005 status conference and at the request of the parties in their Supplemental Brief in Support of the Joint Motion for a Stay of Litigation, Or, In the Alternative, For Dismissal Without Prejudice, the court hereby amends the August 3, 2004 Scheduling Order as follows:

1. The Government will file its answer or, in the alternative, a motion to dismiss **on or before February 6, 2006.**

2. If a motion to dismiss is filed, plaintiff will respond **on or before March 3, 2006.** The Government will file its reply to plaintiff's response **on or before March 17, 2006.**

Notwithstanding the above briefing schedule, the court previously determined that the case should be bifurcated into two phases: Phase I dealing with the Trust Funds Mismanagement Claim and Phase II dealing with the Non-Monetary Trust Asset Mismanagement Claim. Phase II will be stayed until the completion of Phase I. The following amended schedule is entered for Phase I:

1. Initial Memorandum of Contentions of Fact and Law.
**On or before February 17, 2006,** plaintiff will provide to defendant a written memorandum setting forth a list of the specific actions or conduct of defendant that plaintiff intends to rely upon at trial to prove the Phase One claims. For each specific action or conduct included on the list, plaintiff's memorandum will contain the following:

   a. A concise factual description of specific actions or conduct;

   b. The dates or time periods when the action or conduct occurred;

   c. A description of the nature of the damage suffered;

   d. A computation of the damages suffered;

   e. A description of any calculations, estimates or methodology used to calculate the damages;

   f. An identification of the books of account or other records or documents the plaintiff has relied upon, or intends to rely upon, to prove the actions or conduct and to support the damages calculation; and

   g. An identification of the witnesses that plaintiff intends to rely upon at trial to prove the actions or conduct and to support the damages calculation.

   **On or before July 6, 2006,** defendant will serve upon plaintiff a written memorandum setting forth its responses to plaintiff's memorandum. For each specific action or conduct included on plaintiff's memorandum, defendant's responsive memorandum will provide the following:

   a. A statement indicating agreement or disagreement with plaintiff's description of the specific action or conduct, and if defendant disagrees, why it disagrees;

b. A statement indicating agreement or disagreement with the dates or time periods for the actions or conduct specified by plaintiff, and if defendant disagrees, why it disagrees;

c. A statement indicating agreement or disagreement with plaintiff's description of the nature of the damage suffered, and if defendant disagrees, why it disagrees;

d. A statement indicating agreement or disagreement with plaintiff's computation of damages suffered, and if defendant disagrees, why it disagrees;

e. A description of any calculations, estimates or methodology used to assess or respond to plaintiff's calculation of damages or to make its own calculation of damages;

f. An identification of the books of account or other records or documents the defendant has relied upon, or intends to rely upon, to defend against plaintiff's list of actions or conduct contained in plaintiff's memorandum or to make its own calculation of damages;

g. An identification of the witnesses that defendant intends to rely upon at trial to respond to or defendant against plaintiff's list of actions or conduct and to make its own calculation of damages.

2. Fact Discovery. Except as provided in paragraph 4 below, all fact discovery, including all depositions, shall conclude **on or before August 11, 2006.** In order to achieve this deadline, the parties will make witnesses available at reasonably convenient locations and times. The parties are reminded that the rules of the court contemplate the use of depositions at trial for testimonial purposes in certain circumstances "as though the witnesses were then present and testifying[.]" *See* RCFC 32(a).

a. Document Production. Defendant's document production will be completed **on or before December 31, 2005.** Defendant will serve its request for document production to plaintiff **on or before February 22, 2006**. Plaintiff's production of documents to defendant will be completed **on or before March 24, 2006**.

b. Depositions. Defendant's depositions of all witnesses, other than plaintiff's expert witnesses, will be completed **on or before August 11, 2006**. Plaintiff's depositions of all witnesses, other than defendant's expert witnesses, will be completed **on or before August 11, 2006.**

c. Motion to Compel. All motions to compel discovery, other than expert witness discovery and deposition testimony, will be filed **on or before June 30, 2006.** All motions to compel expert witness discovery and deposition testimony will be filed **on or before August 15, 2006**.

3. Expert Discovery. All expert discovery, including the exchange of expert reports and the completion of expert depositions, will be completed **on or before August 11, 2006.**

   a. Disclosure of Expert Witnesses. Plaintiff will disclose its expert witnesses' identities and reports pursuant to RCFC 26(a)(2) **on or before February 17, 2006**. Defendant will disclose its expert witnesses' identities and reports pursuant to RCFC 26(a)(2) **on or before July 6, 2006.**

   b. Expert Depositions. Defendant's depositions of plaintiff's expert witnesses will be completed **on or before July 6, 2006.** Plaintiff's depositions of defendant's expert witnesses will be completed **on or before August 11, 2006.**

4. Post-Discovery Conference. A post-discovery conference will be conducted **on August 18, 2006** to address the matters specified in RCFC Appendix A ¶ 11.

5. Dispositive Motions. Dispositive motions, if any, will be filed **on or before August 18, 2006.**

6. Meeting of Counsel. The parties will meet to satisfy the requirements of RCFC Appendix A ¶ 13, including the exchange of exhibit and witness lists, **on or before September 25, 2006.**

7. Final Memorandum of Contentions of Fact and Law. In accordance with RCFC Appendix A ¶ 14, plaintiff will file its Memorandum of Contentions of Law and Fact ("Memorandum") **on or before October 27, 2006.** Defendant will file its responsive Memorandum **on or before November 27, 2006.** Each Memorandum will be accompanied by witness lists, exhibit lists, and any motions contemplated by Appendix A ¶¶ 14-16. Any objection to a witness or exhibit not made in the Memorandum or a separate motion filed on the same date will, if the objection is of a type that could reasonably have been identified at the time of such filing, be deemed waived absent a showing of a compelling reason for the failure. Defendant will file its responses to any motions filed by plaintiff with its Memorandum **on or before November 27, 2006.** Plaintiff will file its responses to any motions filed by defendant **on or before December 6, 2006.**

8. Pretrial Conference. The pretrial conference will be held **on January 12, 2007** at 10:00 a.m. at the National Courts Building, 717 Madison Place N.W., Washington, D.C. 20005. The parties will bring to the pretrial conference at least three copies of any exhibit as to which an objection remains outstanding. The parties will prepare and deliver at the pretrial conference a joint preliminary trial schedule or, if they cannot agree, separate trial schedules.

9. Trial. Trial will be held **on January 22, 2007 through February 2, 2007.** Trial will begin at 10:00 a.m. on each day at a location to be determined.

**IT IS SO ORDERED.**

s/**SUSAN G. BRADEN**
**Judge**