**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| THE CONFEDERATED TRIBES OF THE WARM SPRINGS RESERVATION OF OREGON, a federally recognized Indian tribe,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 02-126L<br><br>Judge Susan Braden |

**AMENDED PROTECTIVE ORDER OF CONFIDENTIALITY**

This matter comes before the Court on the joint motion of The Confederated Tribes of the Warm Springs Reservation ("Tribe") and defendant the United States of America (collectively "the parties") to enter an amended protective order of confidentiality, replacing the protective order that the Court entered on August 9, 2002.

The scope of the August 9, 2002 protective order addressed the confidentiality of documents produced by the United States to the Tribe. The parties now desire to amend that order to broaden its scope to include all confidential information produced by either the United States or the Tribe to the other party as the case may be.

NOW, THEREFORE, the parties hereto agree and pursuant to the Court's authority under RCFC 26(c), the Court orders as follows:

1. Definitions.

(a) "United States' confidential material": Documents or other information held by the United States, directly by any of its various departments or agencies or indirectly by federally authorized third-party custodians (collectively, "federal repositories"), that contain significant amounts of information that is or may be personal, private, confidential or privileged

material concerning third persons, including individual Indians and other Tribes not party to the action, including Individual Indian Money ("IIM") accounts and Tribal Trust accounts, and that may in whole or in part be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, the Indian Mineral Development Act, 25 U.S.C. § 2103, the Mineral Leasing Act, 30 U.S.C. § 181 et seq, Trade Secrets Act, 18 U.S.C. § 1905, Archeological Resources Protection Act, 16 U.S.C. § 470hh(a), Surface Mining Control and Reclamation Act, 30 U.S.C. § 1201; National Historic Preservation Act Amendments of 1992, 16 U.S.C. § 470w-3 and other provisions of law limiting the disclosure or requiring confidentiality, but that are or may also be relevant to the issues in the action or that may lead to the discovery of admissible evidence in the action.

(b) "Tribal confidential material": All documents and information pertaining to financial, governmental or business affairs of the Tribe or any of its members, including, but not limited to, information regarding the Tribe's trust accounts that is produced by the Tribe to the United States through formal or informal discovery or settlement negotiations in this case. Tribal confidential material does not include material that the United States, its various departments or agencies or federal repositories acquire by means other than formal or informal discovery or settlement negotiations in this case. This Order does not in any way affect the United States' existing duties to protect of the confidentiality of Tribal information that it acquires by means other than formal or informal discovery or settlement negotiations in this case.

(c) "Confidential material": All United States' confidential material and all Tribal confidential material as defined in this order.

2. All parties, their agents and employees and experts, including all persons participating in the preparation of pleadings, briefs, motions, depositions or exhibits, shall be subject to the terms of this protective order. The United States, and its officers, agents, employees, contractors and attorneys, without violating the provisions of the Privacy Act or other provisions of law governing the disclosure of the privacy material, may upon request of the attorney of record for the Tribe in this action, disclose, produce or otherwise release confidential material to the Tribe or any qualified person, as herein defined, Court reporters shall be provided with a copy of the protective order and shall agree to abide thereby.

3. Any materials or documents made available for inspection by one party to the other party's attorneys or designees in this case shall be deemed confidential for purposes of the inspection. Each party will review any material or documents that the other party chooses to have copied or electronically scanned to identify and designate confidential materials or documents; material or documents that are not designated as confidential shall no longer be deemed confidential for any purpose set forth in this Order. The parties may also agree to forego review of some or all records chosen for duplication and production and categorically designate such records as confidential by clearly marking such records in accordance with this Order.

4. The parties shall designate their privacy material in the following manner:

(a) In the case of documents, the first page of each document containing confidential information is to be clearly marked as follows:

CONFIDENTIAL MATERIAL - DO NOT DISCLOSE

(b) In the case of interrogatory answers, by stating at the conclusion of the answers those specific answers or parts thereof deemed confidential and by stamping or writing on the front of any set of answers the phrase "CONTAINS CONFIDENTIAL INFORMATION";

(c) In the case of depositions, information disclosed by a party or by one of its present or former officers, directors, employees, agents or independent experts retained by a party for purposes of preparing and litigating the action for trial may be designated by that party as confidential by a statement on the record to the effect that the testimony given or about to be given, or the exhibit marked or about to be marked, contains references to confidential information, is subject to the provisions of this protective order whereupon the officer transcribing the proceeding shall stamp or write on the cover of the transcript the phrase "CONTAINS CONFIDENTIAL INFORMATION" and shall segregate the portion of the transcript containing the confidential information and/or exhibits. If a transcript is made of the deposition, or of any portion thereof, which contains testimony indicated to be confidential, each party must attach a copy of the confidential designation to the face of each copy of the transcript in his or her possession, custody, or control. The presence at the deposition of any party, officer or director thereof as agent for such party, will not be deemed a waiver of confidentiality by any other party, and the lawyer for any party present at the deposition will advise his or her client concerning the required treatment of any confidential information disclosed in the deposition;

(d) In all other cases, by any manner reasonably calculated to impart notice that confidential information is being disclosed.

5. All United States' confidential material and all Tribal confidential material, which have been designated confidential in accordance with this Order, shall not be used for any purpose other than conducting this litigation or participating in settlement negotiations or ADR in this case. Any confidential information, and any information contained in, or derived from, any such information, shall not be disclosed other than in accordance with this Order and shall not be disclosed to any person other than a "qualified person" as defined below in section 6.

6. "Qualified person" means an individual who is:

(a) An employee of either named party to this action;

(b) Counsel of record or an employee of such lawyer to whom it is necessary that the material be shown for purposes of litigating this action or preparing it for trial;

(c) A person requested by a counsel of record in this action to assist in the preparation of the action for trial, settlement negotiations or ADR, such as independent accountants, statisticians, economists, or other experts; or

(d) Any other person who is designated as a qualified person by stipulation of the parties or by order of the court after notice to all parties.

7. Nothing will prevent disclosure of confidential documents or information to persons who are not "qualified persons" if the party designating the documents or information as confidential consents to such disclosure.

8. It shall be the responsibility of each and every qualified person possessing confidential material to employ reasonable measures to control duplication of, access to, and distribution of the confidential material.

9. The court clerk shall maintain under seal all confidential documents and transcripts which are filed with or submitted to the court that have been designated as confidential.

10. It shall be the responsibility of the party who files or submits confidential documents or information to the court to submit them in a sealed envelope and to comply with local rules re submitting or filing sealed documents. Any documents that have been designated as confidential or which contain information designated as confidential, will be placed in an envelope and marked "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER--THIS ENVELOPE NOT TO BE OPENED NOR CONTENTS REVEALED EXCEPT BY ORDER OF THE COURT OR BY AGREEMENT OF THE PARTIES."

11. Each qualified person who has access to confidential documents must be given a copy of this stipulated protective order, and will be bound by its terms. Before receiving confidential documents, qualified persons, except for the Tribe's counsel of record and his employees and the United States' counsel of record, must sign a copy of the form attached as Exhibit 1, a copy of which will be delivered or sent to the attorney of record for the opposing party.

12. Nothing contained in this protective order shall be construed to prejudice any party's right to use at trial any documents designated as confidential, but any such documents shall only be used, and their confidentiality protected, as determined and directed by the trial court.

13. This protective order shall not prevent any party from applying to the court for further or additional protective orders, to resolve any disagreement over the designation of any

particular document or material as confidential, or from the parties agreeing to modification of this order, subject to the approval of the court.

14. Upon the final determination of this action, including any appellate proceedings, all copies of confidential documents obtained from an opposing party shall be returned promptly to counsel for the party who produced it. A qualified person shall return confidential material to the attorney of record for the party when that qualified person is no longer a party or is no longer retained to work on this case. Individuals returning confidential material shall certify in writing that the confidential material and any copies have been returned. Upon the request of counsel for the party who produced the documents, compliance with this paragraph shall be confirmed in an affidavit provided by the counsel for the party who received the confidential documents, and such affidavit shall be filed with the court and served on all parties.

15. The provisions of this protective order shall remain in full effect following the conclusion of this litigation, including all appeals, except upon the mutual written consent of the parties or of their counsel. The provisions of this order shall survive and remain in full force and effect after the entry of final judgment (including any appellate proceedings) in this case, whether by settlement or litigation.

IT IS SO ORDERED.

__________________________ _______________________________

Date Judge Susan Braden

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE CONFEDERATED TRIBES OF THE WARM SPRINGS RESERVATION OF OREGON,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 02-126L<br>Judge Susan Braden |

**NONDISCLOSURE AGREEMENT**

The undersigned having read this Agreement and the Amended Protective Order and agreeing to be legally bound thereby, hereby agrees as follows:

1. All confidential material as defined in and as disclosed to the undersigned pursuant to the Amended Protective Order shall be used only in connection with the litigation (Confederated Tribes of the Warm Springs Reservation v. United States, Docket No. 02-126L) pending in the United States Court of Federal Claims ("the action"), including settlement negotiations and ADR proceedings, and shall not be used for any business or other purpose in connection with any other action involving any of the parties to the action. I understand that the sanctions for any violation of the Protective Order may include the penalties imposed by the Court for contempt.

2. Such confidential material shall be disclosed to and discussed only with attorney of record or other consultants or experts who have qualified for disclosure pursuant to the Amended Protective Order and who have executed a Nondisclosure Agreement. No item of confidential material shall be utilized by the undersigned in any manner or divulged or made accessible in any manner to any other person or entity except in compliance with the Amended Protective Order and this Nondisclosure Agreement.

3. The undersigned agrees that upon the final termination of this action or termination of his/her engagement on the claims in this case, he/she shall return control of such documents or confidential information which may be in his/her possession or control, including all abstracts, summaries, descriptions, lists, synopses, reports, memoranda, or other writings reflecting or revealing such information to the attorney who retained the undersigned.

Signature: ______________________________

Print Name: ______________________________
Date: ______________________________

W1510.0/241149.doc