# In the United States Court of Federal Claims

No. 02-126L
Filed February 8, 2006

*************************************
CONFEDERATED TRIBES OF THE WARM SPRINGS RESERVATION OF OREGON,

Plaintiff,

v.

THE UNITED STATES,

Defendant.
*************************************

**ORDER GRANTING JOINT MOTION FOR CONTINUATION OF CURRENT STAY AND AMENDED SCHEDULING ORDER**

The parties Joint Motion for Continuation of Current Stay and Amended Scheduling Order, filed on February 3, 2006, is hereby **GRANTED**. Accordingly, this matter is stayed **until February 27, 2006** to provide the parties with time to complete the Phase I ADR settlement process. After the termination of the stay, the court will convene a telephone conference **on March 1, 2006 at 3:00pm, E.S.T.**

Further, pursuant to the February 3, 2006 Joint Motion, the court hereby amends the June 16, 2005 Order as follows:

1. The Government will file its answer or, in the alternative, a motion to dismiss **on or before February 27, 2006** *(previously February 6, 2006)*.

2. If a motion to dismiss is filed, Plaintiff will respond **on or before March 24, 2006** *(previously March 3, 2006)*. The Government will file its reply to Plaintiff's response **on or before April 7, 2006** *(previously March 17, 2006)*.

Notwithstanding the above briefing schedule, the court previously determined that the case should be bifurcated into two phases: Phase I dealing with the Trust Funds Mismanagement Claim and Phase II dealing with the Non-Monetary Trust Asset Mismanagement Claim. Phase II will be stayed until the completion of Phase I.

1. Initial Memorandum of Contentions of Fact and Law.

**On or before March 10, 2006** *(previously February 17, 2006)*, Plaintiff will provide to the Government a written memorandum setting forth a list of the specific actions or conduct of the Government that Plaintiff intends to rely upon at trial to prove the Phase I claims. For each specific action or conduct included on the list, Plaintiff's memorandum will contain the following:

a. A concise factual description of specific actions or conduct;

b. The dates or time periods when the action or conduct occurred;

c. A description of the nature of the damage suffered;

d. A computation of the damages suffered;

e. A description of any calculations, estimates or methodology used to calculate the damages;

f. An identification of the books of account or other records or documents Plaintiff has relied upon, or intends to rely upon, to prove the actions or conduct and to support the damages calculation; and

g. An identification of the witnesses that Plaintiff intends to rely upon at trial to prove the actions or conduct and to support the damages calculation.

**On or before July 6, 2006**, the Government will serve upon Plaintiff a written memorandum setting forth its responses to Plaintiff's memorandum. For each specific action or conduct included on Plaintiff's memorandum, the Government's responsive memorandum will provide the following:

a. A statement indicating agreement or disagreement with Plaintiff's description of the specific action or conduct, and if the Government disagrees, why it disagrees;

b. A statement indicating agreement or disagreement with the dates or time periods for the actions or conduct specified by Plaintiff, and if the Government disagrees, why it disagrees;

c. A statement indicating agreement or disagreement with Plaintiff's description of the nature of the damage suffered, and if the Government disagrees, why it disagrees;

d. A statement indicating agreement or disagreement with Plaintiff's computation of damages suffered, and if the Government disagrees, why it disagrees;

e. A description of any calculations, estimates or methodology used to assess or respond to Plaintiff's calculation of damages or to make its own calculation of damages;

f. An identification of the books of account or other records or documents the Government has relied upon, or intends to rely upon, to defend against Plaintiff's list of actions or conduct contained in Plaintiff's memorandum or to make its own calculation of damages;

g. An identification of the witnesses that the Government intends to rely upon at trial to: respond to or defend against Plaintiff's list of actions or conduct, and to make its own calculation of damages.

2. <u>Fact Discovery</u>. Except as provided in paragraph 4 below, all fact discovery, including all depositions, shall conclude **on or before August 11, 2006.** In order to achieve this deadline, the parties will make witnesses available at reasonably convenient locations and times. The parties are reminded that the rules of the court contemplate the use of depositions at trial for testimonial purposes in certain circumstances "as though the witnesses were then present and testifying[.]" *See* RCFC 32(a).

a. <u>Document Production</u>. The Government's document production will be completed **on or before December 31, 2005.** The Government will serve its request for document production to Plaintiff **on or before March 15, 2006** *(previously February 22, 2006).* Plaintiff's production of documents to the Government will be completed **on or before April 14, 2006** *(previously March 24, 2006)*.

b. <u>Depositions</u>. The Government's depositions of all witnesses, other than Plaintiff's expert witnesses, will be completed **on or before August 11, 2006**. Plaintiff's depositions of all witnesses, other than the Government's expert witnesses, will be completed **on or before August 11, 2006.**

c. <u>Motion to Compel</u>. All motions to compel discovery, other than expert witness discovery and deposition testimony, will be filed **on or before June 30, 2006.** All motions to compel expert witness discovery and deposition testimony will be filed **on or before August 15, 2006**.

3. <u>Expert Discovery</u>. All expert discovery, including the exchange of expert reports and the completion of expert depositions, will be completed **on or before August 11, 2006.**

a. <u>Disclosure of Expert Witnesses</u>. Plaintiff will disclose its expert witnesses' identities and reports pursuant to RCFC 26(a)(2) **on or before March 10, 2006** *(previously February 17, 2006)*. The Government will disclose its expert witnesses' identities and reports pursuant to RCFC 26(a)(2) **on or before July 6, 2006.**

b. Expert Depositions. The Government's depositions of Plaintiff's expert witnesses will be completed **on or before July 6, 2006.** Plaintiff's depositions of the Government's expert witnesses will be completed **on or before August 11, 2006.**

4. Post-Discovery Conference. A post-discovery conference will be conducted **on August 18, 2006** to address the matters specified in RCFC Appendix A ¶ 11.

5. Dispositive Motions. Dispositive motions, if any, will be filed **on or before August 18, 2006.**

6. Meeting of Counsel. The parties will meet to satisfy the requirements of RCFC Appendix A ¶ 13, including the exchange of exhibit and witness lists, **on or before September 25, 2006.**

7. Final Memorandum of Contentions of Fact and Law. In accordance with RCFC Appendix A ¶ 14, Plaintiff will file its Memorandum of Contentions of Law and Fact ("Memorandum") **on or before October 27, 2006.** The Government will file its responsive Memorandum **on or before November 27, 2006.** Each Memorandum will be accompanied by witness lists, exhibit lists, and any motions contemplated by Appendix A ¶¶ 14-16. Any objection to a witness or exhibit not made in the Memorandum or a separate motion filed on the same date will, if the objection is of a type that could reasonably have been identified at the time of such filing, be deemed waived absent a showing of a compelling reason for the failure. The Government will file its responses to any motions filed by Plaintiff with its Memorandum **on or before November 27, 2006.** Plaintiff will file its responses to any motions filed by The Government **on or before December 6, 2006.**

8. Pretrial Conference. The pretrial conference will be held **on January 12, 2007** at 10:00 a.m. at the National Courts Building, 717 Madison Place N.W., Washington, D.C. 20005. The parties will bring to the pretrial conference at least three copies of any exhibit as to which an objection remains outstanding. The parties will prepare and deliver at the pretrial conference a joint preliminary trial schedule or, if they cannot agree, separate trial schedules.

9. Trial. Trial will be held **on January 22, 2007 through February 2, 2007.** Trial will begin at 10:00 a.m. on each day at the National Courts Building, 717 Madison Place N.W., Washington, D.C.

**IT IS SO ORDERED.**

s/**SUSAN G. BRADEN**
**Judge**