# In the United States Court of Federal Claims

No. 02-126L
Filed June 13, 2006

CONFEDERATED TRIBES OF THE WARM SPRINGS RESERVATION OF OREGON,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**SUPPLEMENTAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF ALTERNATIVE DISPUTE RESOLUTION MEDIATION PROCEEDINGS**

Purusant to the parties' request, the court supplements the September 1, 2005 Amended Protective Order of Confidentiality to ensure that information and documents exchanged in the parties' alternative dispute resolution-mediation proceedings ("ADR Proceedings") for the settlement of the Phase I trust fund mismanagement claims remain confidential and are not discoverable or admissible in this case or any other proceeding between these parties or other litigants.

The September 1, 2005 Amended Protective Order is, hereby, supplemented as follows:

**1. Definitions.**

(A) Settlement Communications. Any communications made, exchanged, or provided by the Tribe, United States, and their agents, employees, experts, consultants, attorneys, or members of the Tribe, and the Mediator in, or for purposes of, these ADR Proceedings whether orally, in writing, electronically, telephonically, or otherwise, including, without limitation, all statements, communications, offers, conduct, findings or conclusions, written submittals, reports, exhibits, appraisals, demonstrative aids, documents, information, data (financial or otherwise) and any part thereof, where such information is designated specifically as "confidential" by either stating that such information is confidential (in the context of verbal communications) or by marking such information as "Confidential" (in the context

of written communications), provided that neither Party may designate the communications of the other Party and their agents, et cetera as confidential.

**2. General Agreement of Confidentiality.**

(A) All Settlement Communications are confidential and shall be deemed compromise negotiations under Rule 408 of the Federal Rules of Evidence. In addition, no Party shall disclose any Settlement Communications, except as herein provided, as compelled by Court order, or as otherwise required by law.

(B) Settlement Communications shall not be used for any purpose outside of these ADR Proceedings, including any pending or future proceeding in the Court of Federal Claims or any other court or forum. The Parties agree that they shall have no right to use any Settlement Communications for any purpose outside of these ADR Proceedings.

(C) The Parties shall not, in any subsequent proceedings other than these ADR Proceedings, including proceedings in this case or the case brought by the Tribe in *Confederated Tribes Of The Warm Springs Reservation of Oregon* v. *Norton et al*, Case No. 02-02-CV-02040 (D.D.C) ("the D.D.C. Case")--subpoena, or seek to use in any way, the Settlement Communications.

(D) The Parties agree that no actions taken, information, documents, or data divulged, or statements made in the course of these ADR Proceedings will be asserted to be the basis for any claim of waiver of the attorney-client, work product or deliberative process privileges.

(E) These provisions and restrictions apply to all employees and agents of either Party, including experts, consultants, or others retained, consulted or relied upon by either Party during the ADR Proceedings. Any information, analysis, data or opinions provided, stated or expressed by such individuals is not discoverable or admissible for any purpose in this case or in any proceedings.

**3. Exceptions to the General Agreement of Confidentiality.**

(A) Facts or evidence that is otherwise discoverable or admissible shall not be rendered immune from discovery or inadmissibility as a result of their use or inclusion in Settlement Communications.

(B) The Parties may enter into written agreements resolving some or all of the claims or enter factual or procedural stipulations based on agreements made in connection with these ADR Proceedings.

(C) The Parties recognize that the United States is subject to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and its associated regulations and may receive a request for information or documents under those provisions. Except to the extent otherwise permitted or required by FOIA or other applicable federal law or regulations, the Parties acknowledge that this Order does not prevent the disclosure of any settlement communication which is required to be made public by applicable law.

(D) The Parties reserve the right to utilize Settlement Communications as necessary to confidentially inform their respective decision makers with respect to any proposed settlement that results from the ADR Proceedings.

4. **Post-ADR Handling of Settlement Communications.** Within 30 days after conclusion of these ADR Proceedings, regardless of whether it results in final settlement of the Phase I claims in this action, or of the historical accounting claim in the D.D.C. Case, the Parties shall destroy or return to the originating Party all written Settlement Communications disclosed by the originating Party that have been marked as a "SETTLEMENT COMMUNICATION" or "SUBJECT TO CONFIDENTIALITY ORDER" unless the Parties agree otherwise in writing, or unless such written Settlement Communications consist of documents created and materials relied upon by an ADR Consultant who will be offered as a witness as provided for in Section 5 below.

5. **Consultants and Experts.** Each Party has used consultants, experts, and employees to assist in these ADR Proceedings (the "ADR Consultants"). In the event that this action or the D.D.C. Case, or any part thereof, proceed to further litigation and a Party offers any of the ADR Consultants as a witness, either as a fact or expert witness, the opposing Party agrees that the documents created and materials relied upon by such witness in the course of their engagement in this case shall be discoverable and admissible as permitted under the ordinary rules of discovery and admissibility, notwithstanding that such materials may have been created or offered for use in the ADR Proceedings, excepting however that each Party agrees to not seek in any way the testimony of, or settlement communications by or to the testifying ADR consultant: (a) arising from work conducted by the consultant after December 15, 2005 through the completion of these ADR Proceedings, or (b) any oral settlement communication made at or during any meeting including both Parties or phone call between the two Parties, including meetings and phone calls attended solely by the Parties' respective ADR Consultants.

6. **Survival of Confidentiality Provisions.** The confidentiality provisions of this Order shall remain in full force and effect without regard to whether any legal actions or issues arising out of the case are settled or concluded by final judgment or otherwise, and shall survive termination of these ADR Proceedings.

7. **Confidentiality Acknowledgments.** Before participating in these ADR Proceedings in this case, each Party's respective participating agents, officers, employees, representatives, experts, and consultants shall personally review this Order and execute and date an acknowledgment as follows:

> I acknowledge that I have read the Order Governing ADR Proceedings that was entered into by the Tribe and the United States. I understand and agree to comply with the Confidentiality Provisions contained therein.

For purposes of this paragraph, "participating in these ADR Proceedings in this case" means preparing, reviewing, evaluating, or analyzing settlement proposals or positions or records provided by the other Party in these ADR Proceedings. The Parties' respective attorneys of record shall retain all such acknowledgments and shall provide copies thereof to the Mediator or the Court upon request.

**IT IS SO ORDERED.**

s/**SUSAN G. BRADEN**
**Judge**