**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| THE CONFEDERATED TRIBES OF THE WARM SPRINGS RESERVATION OF OREGON, a federally recognized Indian tribe,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 02-126L<br>Judge Susan Braden |

Plaintiff and Defendant (the "parties") submit the following [Joint Proposed] Modified Stay and Scheduling Order:

**[JOINT PROPOSED] MODIFIED STAY AND SCHEDULING ORDER**

The Court enters the following order extending the current stay of Phase I for 3 months, extending the stay of Phase II for 19 months, vacating the current Scheduling Order for Phase I and adopting a future Scheduling Order for Phase II, that will go into effect in the event that the parties are unable to resolve Phase II in ADR. This order supersedes all prior stay and scheduling orders.

The Court previously bifurcated the case into two phases: Phase I dealing with the Trust Fund Mismanagement Claim and Phase II dealing with the Non-Monetary Trust Asset Mismanagement Claim. In previous orders the Court stayed Phase II until the completion of Phase I and stayed Phase I until June 1, 2006, to give the parties the time to engage in a cooperative ADR process with Judge Edward Leavy, Senior Judge of the Ninth Circuit Court of Appeals, serving as the third party neutral / ADR judge. At the status conference held on June 15, 2006, the parties reported to the Court that they have reached a settlement in principle that, if approved and implemented, will resolve all of the claims in Phase I. The parties further reported that their attorneys have completed drafting the written Phase I Settlement Agreement, that the

Warm Springs Tribe has approved and executed the Phase I Settlement Agreement, and that the United States is in the process of submitting the Phase I Settlement Agreement to the appropriate senior officials at the Departments of the Interior, Treasury, and Justice for final review, approval, and authorization. Counsel for the United States estimated that this review, approval, and authorization process should be completed by August 15, 2006.

At the status conference on June 15, 2006, the parties also advised the Court that they have agreed to participate in an ADR process for Phase II similar to what they used for Phase I, with the objective of seeking resolution of the Non-Monetary Trust Asset Mismanagement Claim. They also advised the Court that they desire to continue to work with Judge Edward J. Leavy as the third party neutral / ADR judge for Phase II, and that Judge Leavy has expressed a willingness to continue serving in that capacity. The parties could not provide a firm date for completion of the ADR process for Phase II but are committed to making every reasonable effort to complete the ADR process during the stay period set forth in this order and will return to the Court with any stay extension requests only if they prove to be absolutely necessary.

Based upon the foregoing, the Court orders as follows:

**I. Phase I.**

Phase I of this case is further stayed until September 1, 2006. The previous Scheduling Order for Phase I is vacated.

**II. Phase II.**

**A. Phase II Stay.**

The Phase II stay will continue in effect until January 31, 2008, to allow the parties time to pursue an ADR process for Phase II. Prior to the close of the stay period and as part of the ADR process, plaintiff will provide defendant with a final statement of claims to be resolved in ADR, or at trial, including a description of the damages claimed, legal authorities supporting recovery, and the time frames for which recovery is sought. Defendant will provide plaintiff with a responsive statement addressing each of the claims.

As part of the ADR process, plaintiff and defendant will make every reasonable effort to complete all necessary document production.

Commencing October 1, 2006, the parties shall submit quarterly joint status reports to the Court regarding the ADR process.

**B. Phase II Scheduling Order.**

In the event that the parties do not resolve all of the Phase II claims in ADR by January 31, 2008, or do not request a further extension of the ADR period, the stay set forth in II. A. above shall expire and the following scheduling order will go into effect:

**1.** The United States will file its answer or otherwise respond to the complaint, **on or before February 29, 2008**.

**2. Plaintiff's Memorandum of Contentions of Fact and Law. On or before March 7, 2008**, plaintiff will provide to defendant a written memorandum setting forth a list of the specific actions or conduct of defendant that plaintiff intends to rely upon at trial to prove the Phase One claims. For each specific action or conduct included on the list, plaintiff's memorandum will contain the following:

**(a)** A concise factual description of specific actions or conduct;

**(b)** The dates or time periods when the action or conduct occurred;

**(c)** A description of the nature of the damage suffered;

**(d)** A computation of the damages suffered;

**(e)** A description of any calculations, estimates or methodology used to calculate the damages;

**(f)** An identification of the books of account or other records or documents the plaintiff has relied upon, or intends to rely upon, to prove the actions or conduct and to support the damages calculation; and

**(g)** An identification of the witnesses that plaintiff intends to rely upon at trial to prove the actions or conduct and to support the damages calculation.

**3. Defendant's Memorandum of Contentions of Fact and Law. On or before June 9, 2008**, defendant will serve upon plaintiff a written memorandum setting forth its responses to plaintiff's memorandum. For each specific action or conduct included on plaintiff's memorandum, defendant's responsive memorandum will provide the following:

**(a)** A statement indicating agreement or disagreement with the plaintiff's description of the specific action or conduct, and if defendant disagrees, why it disagrees;

**(b)** A statement indicating agreement or disagreement with the dates or time periods for the actions or conduct specified by plaintiff, and if defendant disagrees, why it disagrees;

**(c)** A statement indicating agreement or disagreement with plaintiff's description of the nature of the damage suffered, and if defendant disagrees, why it disagrees;

**(d)** A statement indicating agreement or disagreement with plaintiff's computation of damages suffered, and if defendant disagrees, why it disagrees;

**(e)** A description of any calculations, estimates or methodology used to assess or respond to plaintiff's calculation of damages or to make its own calculation of damages;

**(f)** An identification of the books of account or other records or documents the defendant has relied upon, or intends to rely upon, or intends to rely upon, to defend against plaintiff's list of actions or conduct contained in plaintiff's memorandum or to make its own calculation of damages; and

**(g)** An identification of the witnesses that defendant intends to rely upon at trial to respond to or defend against plaintiff's list of actions or conduct and to make its own calculation of damages

**4. Fact Discovery.**

All fact discovery shall conclude **on or before August 11, 2008**. In order to achieve this deadline, the parties will make witnesses available at reasonably convenient locations and times. The parties are reminded that the rules of the court contemplate the use of depositions at trial for testimonial purposes in certain circumstances "as through the witnesses were then present and testifying [.]" *See* RCFC 32(a).

**5. Expert discovery.**

All expert discovery, including the exchange of expert reports and the completion of expert depositions, will be completed **on or before August 11, 2008**.

(a) Disclosure of Expert Witnesses. Plaintiff will disclose its expert witnesses' identities and reports pursuant to RCFC 26(a)(2) **on or before March 3, 2008**. Defendant will disclose its expert

witnesses' identities and reports pursuant to RCFC 26(a)(2) **on or before July 3, 2008**.

(b) Expert Depositions. Defendant's depositions of plaintiff's expert witnesses will be completed **on or before July 3, 2008**. Plaintiff's depositions of defendant's expert witnesses will be complete **on or before August 11, 2008**.

**6. Motion to Compel and Post-Discovery Conference.**

**(a)** Motion to Compel. All motions to compel discovery, other than expert witness discovery, will be filed **on or before August 18, 2008**

**(b)** Post Discovery Conference. A post-discovery conference will be conducted **on August 19, 2008**, to address the matters specified in RCFC Appendix A ¶ 11.

**7. Dispositive Motions.**

Dispositive motions, if any, will be filed on **or before August 18, 2008**.

**8. Meeting of Counsel.**

The parties will meet to satisfy the requirements of RCFC Appendix A ¶ 13, including the exchange of exhibit and witness lists, **on or before August 25, 2008**.

**9. Final Memorandum of Contentions of Fact and Law.**

In accordance with RCFC Appendix A ¶ 14, plaintiff will file its Memorandum of Contentions of Law and Fact ("Memorandum") **on or before August 27, 2008**. Defendant will file its responsive Memorandum **on or before September 25, 2008**. Each Memorandum will be accompanied by witness lists, exhibit lists and any motions contemplated by Appendix A ¶¶ 14-16. Any objection to a witness or exhibit not made in the Memorandum or a separate motion filed on the same date will, if the objection is of a type that could reasonably have been identified at the time of such filing, be deemed waived absent a showing of a compelling reason for failure. Defendant will file its responses to any motions filed by plaintiff with its Memorandum **on or before September 25, 2008**. Plaintiff will file its responses to any motions filed by defendant on or before **October 2, 2008**.

**10. Pretrial Conference.**

The pretrial conference will be held **on October 7, 2008** at 10:00 a.m. at the National Courts Building, 717 Madison Place N.W., Washington, D.C. 20005. The parties will bring to the pretrial conference at least three copies of any exhibit as to which an objection remains outstanding. The parties will prepare and deliver at the pretrial conference a joint preliminary trial schedule or, if they cannot agree, separate trial schedules.

**11. Trial.**

Trial will be held on **November 3, 2008 through November 19, 2008**. Trial will begin at 10:00 a.m. on each day at a location to be determined.

**IT IS SO ORDERED**

_________________________
**SUSAN G. BRADEN**
Judge

DATED this ________ day of ____________________, 2006.

Defendant's counsel has authorized Plaintiff's undersigned counsel to state that Defendant concurs in the above-proposed [Joint Proposed] Modified Stay and Scheduling Order.

DATED this 21st day of June, 2006.

/s/ Michael L. Dillard
Michael L. Dillard, Attorney of Record
KARNOPP PETERSEN LLP
1201 N.W. Wall Street, Suite 300
Bend, Oregon 97701-1957
TEL: (541) 382-3011
FAX: (541) 383-3073
mld@karnopp.com
Of Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing [[JOINT PROPOSED] MODIFIED STAY AND SCHEDULING ORDER on:

John H. Martin
Denver Field Office
Environment and Natural Resources Division
999 18th Street, Ste. 945, North Tower
Denver, CO 80202
Fax: (303) 844-1350
Attorney For Defendant

by causing a full, true, and correct copy thereof to be sent by the following indicated method or methods, on the date set forth below:

☐ by mailing in a sealed, first-class postage-prepaid envelope, addressed to the last-known office address of the attorney, and deposited with the United States Postal Service at Bend, Oregon.

☐ by hand delivery.

☒ Notice of filing will be sent by email to all parties by operation of the court's electronic filing system.

DATED this 21st day of June 2006.

*/s/ Michael L. Dillard*
Michael L. Dillard, Attorney of Record
KARNOPP PETERSEN LLP
1201 N.W. Wall Street, Suite 300
Bend, Oregon 97701-1957
TEL: (541) 382-3011
FAX: (541) 383-3073
mld@karnopp.com
Of Attorneys for Plaintiff