# In the United States Court of Federal Claims

No. 02-126L
Filed February 21, 2007

| | |
|---|---|
| ************************************ | |
| | * |
| CONFEDERATED TRIBES OF THE WARM SPRINGS RESERVATION OF OREGON, | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |
| ************************************ | |

**SUPPLEMENTAL PROTECTIVE ORDER REGARDING THE CONFIDENTIALITY OF ALTERNATIVE DISPUTE RESOLUTION MEDIATION PROCEEDINGS**

On June 13, 2006, the court issued a Supplemental Protective Order Regarding Confidentiality of Alternative Dispute Resolution Mediation Proceedings ("June 13, 2006 Supplemental Protective Order") to ensure the confidentiality and inadmissibility of information and documents exchanged in the parties' alternative dispute resolution-mediation proceedings regarding the Phase I trust fund mismanagement claims ("Phase I ADR Proceedings"). Following the successful settlement of the Phase I claims in the Phase I ADR Proceedings, the parties have now agreed to participate in alternative dispute resolution-mediation proceedings regarding the Phase II non-monetary trust assets mismanagement claims (the "Phase II ADR Proceedings"). Accordingly, the court has stayed this case until January 31, 2008, to allow the parties to engage in the Phase II ADR Proceedings.

Pursuant to the parties' February 9, 2007 Joint Motion, the June 13, 2006 Supplemental Protective Order is hereby replaced in its entirety with the following Order that supplements the September 1, 2005 Amended Protective Order:

**1. Definitions.**

(A) ADR Proceedings. As used herein, the term "ADR Proceedings" is defined as including both the Phase I ADR Proceedings, that have been concluded with the successful settlement of the Phase I claims, and the Phase II ADR Proceedings that are currently underway in an effort to settle the Phase II claims. ADR Proceedings include:

(i) All meetings and all communications, whether oral, written, or

electronic, with the ADR Judge, the Honorable Edward J. Leavy;

(ii) All meetings, in person or by telephone, that concern the cooperative attempt to resolve the Tribe's claims in this case, and that occur during the pendency of the ADR Proceedings, between the opposing parties, between their opposing counsel, and between Plaintiff's ADR Experts and the Government's ADR Experts, as defined in Section 5 below, or any combination of the foregoing, in or out of the presence of the ADR Judge.

(B) ADR Communications. As used herein, the term "ADR Communications" is defined as including:

(i) All communications made in ADR Proceedings; and

(ii) All communications, whether oral, written, or electronic, between the opposing parties, between their opposing counsel, between Plaintiff's ADR Experts and the Government's ADR Experts, and by and between a party, its employees, its consultants, its counsel, and its ADR experts, that concern the cooperative attempt to resolve the Tribe's claims in this case or that are designated by a party as ADR Communications. An ADR Communication shall be designated as such, by stating that such communication is an ADR communication (in the case of oral communications) or, in the case of written communications, by marking such communication with the legend "Confidential ADR Communications" or "Subject to ADR Confidentiality Order," or by using a substantially similar endorsement, provided that neither party may designate the written or oral communications of the other party or the written or oral communications of the other party's agents as ADR communications.

**2. General Provisions for Confidentiality.**

(A) ADR Communications are confidential and shall be deemed compromise negotiations under Rule 408 of the Federal Rules of Evidence. In addition, no party shall disclose any ADR Communications, including but not limited to in response to requests submitted to the United States under the Freedom of Information Act, 5 U.S.C. § 552, except as herein provided.

(B) ADR Communications shall not be used for any purpose outside of the ADR Proceedings, including any pending or future proceeding in the Court of Federal Claims or any other court or forum. The parties agree that they shall have no right to use any ADR Communications for any purpose outside of the ADR Proceedings.

(C) The parties shall not, in any proceedings other than the ADR Proceedings, including proceedings in this case, subpoena, or seek to use in any way, the ADR Communications.

(D) The parties shall not assert that any actions that are taken; information, documents, or data that are divulged; or statements that are made in the course of the ADR Proceedings constitutes or forms the basis for a claim of waiver of the attorney-client, work product or deliberative process privileges.

**3. Qualifications and Exceptions to the General Provisions of Confidentiality.**

(A) Facts and evidence that are not privileged and that are otherwise independently discoverable from a party or a third party or that are admissible shall not be rendered immune from discovery or inadmissible, as a result of their use or inclusion in the ADR Proceedings or as a result of being designated as ADR Communications.

(B) The parties reserve the right to utilize ADR Communications as necessary to inform their respective decision-makers confidentially about any proposed settlement that results from the ADR Proceedings.

(C) The parties anticipate that, in the course of the ADR Proceedings, and during the pendency of the ADR Proceedings, the parties will develop and implement, jointly and cooperatively, certain methodologies to investigate, evaluate, and assess the claims asserted by the Tribe in this case (the "Joint Claims Methodologies"). The parties anticipate that the joint and cooperative development and implementation of such Joint Claims Methodologies will produce certain work products and information. As part of the development of the Joint Claims Methodologies, the parties shall agree in writing on whether any of the specific work products and any other information and data resulting from the implementation of the Joint Claims Methodologies can be used outside of the ADR Proceedings or can be admissible at trial, notwithstanding the general provisions of confidentiality set forth above, if the parties are unsuccessful in settling the Tribe's claims.

**4. Post-ADR Handling of Settlement Communications.**

Within thirty days after conclusion of this case by final judgment or dismissal, the parties shall destroy or return to the originating party all written ADR Communications disclosed by the originating party that have been marked with the legend "CONFIDENTIAL ADR COMMUNICATION" or "SUBJECT TO ADR CONFIDENTIALITY ORDER," or a substantially similar legend, unless the parties agree otherwise in writing.

**5. ADR Experts.**

(A) Each party has engaged or consulted, or will engage or consult, experts during the ADR Proceedings, to investigate, analyze, and provide expert opinions regarding the Tribe's claims ("ADR Experts"). The parties anticipate that, during the ADR Proceedings, the ADR Experts for each side will participate in the joint and cooperative development and implementation of the Joint Claims Methodologies; offer views and opinions, orally or in writing, during the ADR Proceedings regarding the Tribe's claims; and otherwise participate in ADR Communications. The parties also anticipate that if the ADR Proceedings fail to achieve a complete settlement of all of the Tribe's claims, either party or both parties may use some of their ADR Experts as expert witnesses in the litigation. This use

includes but is not limited to calling the ADR Experts as expert witnesses at trial ("Trial Experts"). Consistent with the provisions elsewhere in this Order, the parties are protecting the confidentiality of the ADR Proceedings and ADR Communications, while also preserving the ability to use their ADR Experts as Trial Experts, if they decide to do so.

(B) In the event that either party decides to use an ADR Expert as a Trial Expert, neither party shall be permitted to discover or offer into evidence in the litigation, including at trial, any ADR Communications made by or to the Trial Expert during the time that the Trial Expert was an ADR Expert, even if such discovery or admission of evidence would be permitted under the normally applicable expert witness discovery and evidentiary rules. All ADR Communications that are made to or by the ADR expert or received by the ADR Expert, regardless of form or format (written, oral, or electronic), shall remain confidential, and they shall not be discoverable or admissible, and they shall not be required to be disclosed, under the normally applicable rules, including RCFC 26(a) or 26(b), for any purpose in the litigation. In all events, however, in accordance with Section 3(a) of this order, any facts, opinions, data, principles, and methods that are otherwise discoverable or admissible and that relate to the Trial Expert's testimony in the litigation shall not be rendered undiscoverable or inadmissible solely because of their inclusion in an ADR Communication, even though the ADR Communication itself shall remain inadmissible and even though the Trial Expert cannot be confronted with or be questioned about the ADR Communication itself.

**6. Survival of Confidentiality Provisions.**

The confidentiality provisions of this order shall remain in full force and effect after the dismissal of this case and regardless of whether the parties reach settlement.

**7. Modification.**

The court, notwithstanding, reserves the right, after reviewing the record and other information submitted by the parties, to modify this Protective Order in the event such information is not business confidential, privileged, proprietary, or would adversely affect national defense and/or national security upon public disclosure

**IT IS SO ORDERED.**

**s/ Susan G. Braden**
**SUSAN G. BRADEN**
**Judge**