**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| THE CONFEDERATED TRIBES OF THE WARM SPRINGS RESERVATION OF OREGON, a federally recognized Indian tribe,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | No. 02-126L<br>Judge Susan Braden |

**[JOINT PROPOSED] MODIFIED STAY AND SCHEDULING ORDER**

Based on the Court's review and consideration of the joint status report filed by the parties on January 2, 2008, and the joint motion to extend the stay and enter the proposed amended scheduling order filed by the parties, and for good cause shown, the Court enters the following order extending, by two months, the current stay of the litigation of Phase II of this case and modifying the existing Scheduling Order for the litigation of Phase II, which was entered on June 22, 2006, and which will go into effect in the event that the parties are unable to resolve Phase II in their current alternative dispute resolution (ADR) process. This order supersedes all prior stay and scheduling orders.

The Court has bifurcated the case into two phases: Phase I dealing with the Trust Fund Mismanagement Claim and Phase II dealing with the Non-Monetary Trust Asset Mismanagement Claim. Based on the parties' settlement of the Phase I or Trust Fund Mismanagement Claim and at the parties' joint request, the Court has dismissed the claim with prejudice.

In previous orders, the Court has stayed Phase II until January 31, 2008, to allow the parties the opportunity to engage in a cooperative ADR process, with Judge Edward J. Leavy, Senior Judge, United States Circuit Court of Appeals for the Ninth Circuit, serving as the third-

party neutral / ADR judge, and with the objective of seeking resolution of the Phase II or Non-Monetary Trust Asset Mismanagement Claim.

In their most recent joint status report, filed on January 2, 2008, the parties have reported that, with the support of Judge Leavy, they are still making substantial progress in their Phase II ADR process, engaging in joint efforts to identify, locate, and collect relevant documents and data, and developing their respective positions and responses regarding the Non-Monetary Trust Asset Mismanagement Claim. Further, the parties have reported that they require two additional months to complete their informal document and data production efforts, refine and complete their expert analyses, exchange ADR expert reports, and conduct the final mediation of the Phase II claim. Accordingly, the parties have requested that the Court extend the stay of this case to and including March 31, 2008, and, as a consequence of that extension, to also modify several deadlines in the existing scheduling order.

Based upon the foregoing, it is hereby ORDERED as follows:

**A. Phase II Stay.**

The temporary stay of litigation of the Phase II claim will continue in effect to and including March 31, 2008, to allow the parties time to conclude the Phase II ADR process. Prior to the close of the extended stay period and as part of the ADR process, Plaintiff will provide Defendant with a final statement of claims to be resolved in ADR or at trial, including a description of the damages claimed, legal authorities supporting recovery, and the time frames for which recovery is sought. Defendant will provide Plaintiff with a responsive statement addressing each of the claims.

As part of the ADR process, Plaintiff and Defendant will make every reasonable effort to complete all necessary document productions.

On April 1, 2008, the parties shall submit a joint report to the Court regarding the status and outcome (if any) of the ADR process.

**B. Phase II Scheduling Order.**

In the event that the parties do not resolve all of the Phase II claims in ADR by March 31, 2008, or do not request a further extension of the ADR period, the stay set forth in paragraph A. above shall expire at 12:01 a.m. on April 1, 2008, and the following schedule shall go into effect:

**1. Answer or Response to Complaint**

Defendant will file its Answer or otherwise respond to the Complaint, **on or before April 9, 2008**.

**2. Plaintiff's Memorandum of Contentions of Fact and Law**

**On or before April 29, 2008**, Plaintiff will provide to Defendant a written memorandum setting forth a list of the specific actions or conduct of Defendant on which Plaintiff intends to rely at trial to prove Plaintiff's Phase II claims. For each specific action or conduct alleged on the list, Plaintiff will set forth the following in its memorandum:

(a) A full but concise factual description of specific actions or conduct;

(b) The dates or time periods when the actions or conduct occurred;

(c) A description of the nature of the alleged injury or damage suffered by Plaintiff;

(d) A computation of the damages suffered by Plaintiff;

(e) A description of any calculations, estimates, or methodology used to calculate the damages;

(f) An identification of the books of account or other records or documents Plaintiff has relied upon or intends to rely upon to prove the actions or conduct and to support Plaintiff's damages calculation; and

(g) An identification of the witnesses on whom Plaintiff intends to rely at trial to prove the actions or conduct of Defendant and to support Plaintiff's damages calculation.

**3. Defendant's Memorandum of Contentions of Fact and Law**

**On or before July 10, 2008**, Defendant will provide to Plaintiff a written memorandum setting forth Defendant's response to Plaintiff's memorandum. As to each specific action or conduct alleged in Plaintiff's memorandum, Defendant will set forth the following in its memorandum:

(a) A statement indicating Defendant's agreement or disagreement with Plaintiff's description of the alleged specific action or conduct, and, if Defendant disagrees, a description of the basis for its disagreement;

(b) A statement indicating Defendant's agreement or disagreement with the dates or time periods for the alleged actions or conduct specified by Plaintiff, and, if Defendant disagrees, a description of the basis for its disagreement;

(c) A statement indicating Defendant's agreement or disagreement with Plaintiff's description of the nature of the alleged damage that Plaintiff has suffered, and, if Defendant disagrees, a description of the basis for its disagreement;

(d) A statement indicating Defendant's agreement or disagreement with Plaintiff's computation of the alleged damages suffered that Plaintiff has suffered, and, if Defendant disagrees, a description of the basis for its disagreement;

(e) A description of any calculations, estimates, or methodology used by Defendant to assess or respond to Plaintiff's damages calculation or to calculate the damages allegedly suffered by Plaintiff;

(f) An identification of the books of account or other records or documents on which Defendant has relied or intends to rely to defend against the list of actions or conduct contained in Plaintiff's memorandum or to calculate the damages allegedly suffered by Plaintiff; and

(g) An identification of the witnesses on whom Defendant intends to rely at trial to respond to or defend against the list of actions or conduct in Plaintiff's memorandum and to calculate the damages allegedly suffered by Plaintiff.

**4. Fact Discovery**

All fact discovery shall conclude **on or before August 20, 2008**. In order to meet this deadline, the parties will make witnesses available at reasonably convenient locations and times. The parties are reminded that the rules of the court contemplate the use of depositions at trial for testimonial purposes in certain circumstances "as through the witnesses were then present and testifying [.]" *See* RCFC 32(a).

**5. Expert discovery.**

All expert discovery, including the exchange of expert reports and the completion of expert depositions, will be completed **on or before August 20, 2008**.

(a) Disclosure of Expert Witnesses. Plaintiff will disclose its expert witnesses' identities and reports pursuant to RCFC 26(a)(2) **on or before April 29, 2008**. Defendant will disclose its expert witnesses' identities and reports pursuant to RCFC 26(a)(2) **on or before July 10, 2008**.

(b) Expert Depositions. Defendant's depositions of plaintiff's expert witnesses will be completed **on or before July 27, 2008**. Plaintiff's depositions of defendant's expert witnesses will be complete **on or before August 20, 2008**.

**6. Motion to Compel and Post-Discovery Conference**

(a) Motion to Compel. All motions to compel discovery will be filed **on or before August 29, 2008**

(b) Post-Discovery Conference. A post-discovery conference will be conducted **on September 5, 2008**, to address the matters specified in RCFC Appendix A ¶ 11.

**7. Dispositive Motions**

Dispositive motions, if any, will be filed on **or before August 29, 2008**.

**8. Meeting of Counsel**

The parties will meet to satisfy the requirements of RCFC Appendix A ¶ 13, including the exchange of exhibit and witness lists, **on or before September 8, 2008**.

**9. Final Memorandum of Contentions of Fact and Law**

In accordance with RCFC Appendix A ¶ 14, Plaintiff will file its Memorandum of Contentions of Law and Fact ("Memorandum") **on or before September 11, 2008**. Defendant will file its responsive Memorandum **on or before October 2, 2008**. Each Memorandum will be accompanied by witness lists, exhibit lists and any motions contemplated by Appendix A ¶¶ 14-16. Any objection to a witness or exhibit not made in the Memorandum or a separate motion filed on the same date will, if the objection is of a type that could reasonably have been identified at the time of such filing, be deemed waived absent a showing of a compelling reason for failure. Defendant will file its responses to any motions filed by plaintiff with its Memorandum **on or before September 25, 2008**. Plaintiff will file its responses to any motions filed by defendant on or before **October 14 , 2008**.

**10. Pretrial Conference**

The pretrial conference will be held **on October 17, 2008,** at 10:00 a.m. at the National Courts Building, 717 Madison Place N.W., Washington, D.C. 20005. The parties will bring to the pretrial conference at least three copies of any exhibit as to which

an objection remains outstanding. The parties will prepare and deliver at the pretrial conference a joint preliminary trial schedule or, if they cannot agree, separate trial schedules.

**11. Trial**

Trial will be held on **November 3, 2008, through November 19, 2008**. Trial will begin at 10:00 a.m. on each day at a location to be determined.

**IT IS SO ORDERED.**

Date: ____________________

_______________________
**SUSAN G. BRADEN**
Judge, U.S. Court of Federal Claims