IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE CONFEDERATED TRIBES OF THE WARM SPRINGS RESERVATION OF OREGON, a federally recognized Indian tribe,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 02-126L<br>Judge Susan Braden |

**JOINT STATUS REPORT AND JOINT MOTION FOR EXTENSION OF CURRENT STAY OF LITIGATION**

In their August 1, 2008, Joint Status Report and Motion for Extension of Current Stay of Litigation, Plaintiff Confederated Tribes of the Warm Springs Reservation of Oregon ("Tribe") and Defendant United States (collectively "the parties") provided the Court with an update on the progress of their Phase II Alternative Dispute Resolution ("Phase II ADR") process. The parties requested that the temporary stay of litigation be extended to September 5, 2008, so that the parties could continue and complete (if possible) the Phase II ADR process. On August 4, 2008, the Court granted the parties' motion, extending the stay until September 5, 2008. Docket (Dkt.) #122. The Court ordered the parties to file a joint status report reporting on the progress of the Phase II ADR with Senior Judge Leavy and to propose a revised pre-trial scheduling order should the parties need to litigate some or all of the remaining claims in the case.

**I. Phase II ADR Progress Since August 1, 2008.**

For three days from August 26, 2008 through August 28, 2008, the parties met in their final Phase II ADR session with Judge Leavy in Portland, Oregon. The parties are very pleased to report that on August 28, 2008, the parties reached agreement in principle on the key terms of a settlement of all of the Phase II claims, except for one relatively minor claim area, subject to

the drafting and execution of formal settlement documents and their approval by the requisite officials on both sides.

At the end of the ADR session on August 28, 2008, counsel for the parties jointly prepared and agreed upon a written "term sheet" setting forth the key terms of the settlement in principle. Based upon the "term sheet" counsel are now engaged in the drafting of a final Settlement Agreement and related settlement documents.

On September 3, 2008, the Court's law clerk informed counsel that the Court would like to schedule a telephone status conference during the week of September 8, 2008. In response the parties proposed and requested an in person status conference with the Court on Tuesday, September 16, 2008. The Court's law clerk has informed counsel that an in person status conference will be scheduled for 2:00 p.m. on September 16, 2008, at the Court of Federal Claims before the Honorable Susan G. Braden.

At the status conference on September 16, 2008, the parties will be prepared to brief the Court regarding the non-confidential aspects of the settlement in principle and regarding the status of the work to complete the formal documentation and approval process. Counsel for the parties have mutually committed to expedite the drafting of the formal Settlement Agreement and to make every reasonable effort to complete it by September 16, 2008, in advance of the 2:00 p.m. status conference with the Court, so that it is ready for presentation to the parties' requisite officials for approval. Counsel will also endeavor at the status conference to estimate the time that will be needed for completion of the process of obtaining the parties' requisite approvals and the execution of the formal Settlement Agreement.

## II. The Parties Believe that the Proposed Pre-Trial Order is Premature.

Given that the parties have reached a Phase II settlement in principle, subject to final documentation and approval, they believe that it is premature to submit a proposed pre-trial order. The parties respectfully request that they be allowed to further postpone submittal of a proposed pre-trial order in order to concentrate on finalizing the aforementioned settlement.

**III. Motion For Extension of Current Stay of Litigation.**

The parties believe that it is in their interests, as well as the interests of judicial economy and efficiency, to devote the requisite time, energy, and effort to complete the process of formal documentation and approve of the Phase II settlement in principle. Therefore, the parties jointly and respectfully propose that the temporary stay of litigation in this case be extended, to and including October 16, 2008, to allow the parties time to complete the formal documentation and approval process for the Phase II settlement.

Granting the parties' joint request will not cause any undue prejudice or harm to the interests of the parties herein. Rather, it will serve the public interest by enabling the judicious use of limited resources and allowing the parties to focus their attention and energy on their efforts to complete the Phase II settlement.

Plaintiff's counsel has reviewed this Joint Status Report and Joint Motion and authorized Defendant's counsel to state that Plaintiff fully joins in the submission of the Joint Status Report and Joint Motion to the Court.

DATED this 5th day of September, 2008.

*/s/ John H. Martin*

John H. Martin
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
1961 Stout Street, 8th Floor
Denver CO 80294
Tel: (303) 844-1383
Fax: (303) 844-1383
john.h.martin@usdoj.gov
Attorney of Record for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing JOINT STATUS REPORT AND JOINT MOTION FOR EXTENSION OF CURRENT STAY OF LITIGATION on:

Michael L. Dillard, Attorney of Record
KARNOPP PETERSEN LLP
1201 N.W. Wall Street, Suite 300
Bend, Oregon 97701-1957
TEL: (541) 382-3011
FAX: (541) 383-3073
mld@karnopp.com
Of Attorneys for Plaintiff

by causing a full, true, and correct copy thereof to be sent by the following indicated method or methods, on the date set forth below:

☐ by mailing in a sealed, first-class postage-prepaid envelope, addressed to the last-known office address of the attorney, and deposited with the United States Postal Service at Bend, Oregon.

☐ by hand delivery.

☐ by sending via overnight courier in a sealed envelope.

☐ by faxing to the attorney at the fax number that is the last-known fax number for the attorney's office.

☒ by electronic service pursuant to RCFC Appendix E paragraph 12(c) & 13.

DATED this 5th day of September, 2008.

/s/ John H. Martin

John Martin, Attorney of Record